James P. Segall-Gutierrez, SBN 240439
Law Offices of James P. Segall-Gutierrez
6709 Greenleaf Avenue, Suite 202
Whittier, California 90601
Telephone: (562) 321-5950
Facsimile: (562) 907-3791
Email: jpsglaw@gmail.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A., a minor, G.A., a minor, by and through their guardian ad litem Nancy Luna,<br><br>   Plaintiffs,<br><br>vs.<br><br>BARACK HUSSEIN OBAMA II, as an individual and President of the United States of America; UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION CUSTOMS AND ENFORCEMENT; DEPARTMENT OF JUSTICE; METROPOLITAN DETENTION CENTER-FEDERAL BUREAU OF PRISONS; GILES W. DALBY CORRECTIONAL FACILITY- MANAGEMENT AND TRAINING CORPORATION, and DOES 1 -10, inclusive, each of whom is sued individually and in their official capacity as officers,<br>   Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>Violation of Federal Civil Rights<br>(Title 42 U.S.C. § 1983, 1988)<br>*Bivens v. Six Unknown Federal Narcotics Agents* 403 U.S. 388 1971<br><br><br>[DEMAND FOR JURY TRIAL] |

COMPLAINT FOR DAMAGES

Plaintiffs, K.A., a minor, G.A., a minor, by and through their guardian ad litem Nancy Luna, alleges as follows:

## JURISDICTION

1. The claims herein arise under the Fourth and Fourteenth Amendments of the United States Constitution (Title 42 U.S.C. § 1983 and 1988), thus the jurisdiction of this court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1343 and *Bivens v. Six Unknown Federal Narcotics Agents* 403 U.S. 388 (1971). Accordingly, on November 2, 2015, the Plaintiffs' administrative claim under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et. seq., was denied, thereby affording Plaintiffs right to file in the appropriate United States District Court.

## VENUE

2. The events, acts, and omissions complained of arose within the Central District of California, therefore venue properly lies here pursuant to 28 U.S.C. § 1391. One or more of the defendants resides in or has its principal place of business in Los Angeles County.

## PARTIES

3. Plaintiffs K.A., A minor, G.A., a minor, by and through their guardian ad litem Nancy Luna, are, and at all times related to this complaint, were residents of Los Angeles County.

4. Plaintiffs K.A., A minor, G.A., a minor, by and through their guardian ad litem Nancy Luna, are informed and believe, and based thereon allege that at all times related to this complaint, Defendants, BARACK HUESSEIN OBAMA II; DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND CUSTOMS ENFORCMENT; DEPARTMENT OF JUSTICE; METROPOLITAN DETENTION CENTER-FEDERAL BUREAU OF PRISONS; GILES W. DALBY CORRECTIONAL FACILITY-MANAGEMENT AND TRAINING CORPORATION, and DOES 1 through 10, inclusive, each of whom at the time of the acts hereinafter complained of, and

COMPLAINT FOR DAMAGES

at all times herein, each was acting in the course and scope of said employment and acting under color of state law. Plaintiffs sue each of these defendants in both their official and individual capacities.

5. The president, BARACK HUSSEIN OBAMA II, an individual and elected executive leader of Defendant the UNITED STATES OF AMERICA, is responsible for representing all federal bodies and agencies and was responsible for assuring that the actions, conduct, policies, procedures, and customs of the below herein Defendants listed, complied with the Constitution of the United States.

6. The DEPARTMENT OF HOMELAND SECURITY ("DHS") is a federal agency of Defendant the UNITED STATES OF AMERICA ("USA"), which oversees and administrates the IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"), the federal agency responsible for enforcing the immigration laws of the United States relating to the presence and removal of foreign immigrants located within the boundaries of the United States. DHS was responsible for assuring that the actions, conduct, policies, procedures, and customs of ICE complied with the Constitution of the United States and of the State of California.

7. The DEPARTMENT OF JUSTICE ("DOJ") is a federal agency of Defendant the United States of America, which oversees and administrates the METROPOLITAN DETENTION CENTER-FEDERAL BUREAU OF PRISONS ("MDC-FBP"), the federal law enforcement agency responsible for the administration of the federal prison system within the boundaries of the United States. DOJ was responsible for assuring that the actions, conduct, policies, procedures, and customs of the FBP and their facilities complied with the Constitution of the United States and of the State of California.

8. The GILES W. DALBY CORRECTIONAL FACILITY-MANAGEMENT AND TRAINING CORPORATION ("GWD-MTC"), a private correctional facility managed and operated by the MTC and under contract with the FBP to detain federal prisoners.

9. Plaintiffs are informed and believe, and based thereon hereby allege that DHS, ICE, DOJ and finally the FBP and its contract with GWD-MTC are responsible for implementing, sanctioning, or condoning policy, custom or practice, under which the wrongful or illegal acts hereinafter complained of occurred. By reason of this policy, custom or practice, Defendant the UNITED AND STATES OF AMERICA is liable for the damages herein after complained of.

10. Plaintiffs are informed and believe, and based thereon hereby allege that at all times material herein, Defendants and DOES 1-10, inclusive, were each appointed and acting deputies employed and or contracted by DHS, ICE, DOJ, or the FBP, and at the time of the acts herein complained of, each said Defendant was acting with the course and scope of such employment and under the color of law. Plaintiffs sue each of these Defendants both in their official and individual capacities under the authority of *Bivens v. Six Unknown Federal Narcotics Agents* 403 U.S. 388 (1971).

11. The true names of defendants DOES 1 through 10, inclusive, are not now known to Plaintiffs who therefore sues said Defendants by such fictitious names; but upon ascertaining the true name of DOE Defendants, Plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name. Plaintiffs are informed and believe, and based thereon alleges that each Defendant DOE is in some manner responsible for the injuries and damages herein complained of.

12. At all times material herein, defendants were acting as the employee, agent, representative, or officer of every other defendant herein, and within the course and scope of such employment and agency.

## CHARGING ALLEGATIONS

### FIRST CAUSE OF ACTION

Violation of the Treaty of Guadalupe Hidalgo

[AGAINST PRESIDENT BARACK HUSSEIN OBAMA II AND THE UNITED STATES OF AMERICA]

13. The acts and events herein complained of, Plaintiffs believe, and allege, are in violation of the Treaty of Guadalupe Hidalgo, a treaty of peace, friendship, limits, and settlement between the United States of America and the United Mexican States, which concluded the U.S./Mexican War of 1848. The treaty was signed on February 2, 1848, ratification advised by the Senate, with amendment on March 10, 1848; Ratified by the President on March 16,1848; Ratifications exchanged at Queretaro, May 30, 1848 and Proclaimed, July 4, 1848. The treaty was set to establish a solid basis for relations of peace and friendship, which aimed to benefit reciprocally upon the citizens of both nations, and assure the concord, harmony, and mutual confidence wherein the two people should live as good neighbors. The violations described below, Plaintiffs allege, break with the Treaty of Guadalupe Hidalgo, and are affront to harmony and peace – through the mass mistreatment, abuse and violation of civil, international and human rights of migrant and immigrants held in federal prisons, or within the ever-expanding federal contracts with private prison and detention industrial complex.

## SECOND CAUSE OF ACTION

Violation of Civil Rights (Title 42 U.S.C. § 1983, 1988)

[AGAINST ALL DEFENDANTS]

14. The acts and events herein complained of began on or about February 6, 2013, when unknown IMMIGRATION AND CUSTOMS ENFORCEMENT agents, along with what Plaintiffs believe were Los Angeles County Sheriff's officers, arrived to the residence of Robert Aguilar Bautista (Aguilar), in Los Angeles County, CA, where he was subsequently detained and arrested. Immediately upon his detention and arrest, Aguilar was the transported to the Theo Lacy Facility in Orange County, where it is believed he remained for a period of on our about two weeks and then processed to be moved to be detained in a federal prison.

15. After the Theo Lacy Facility, Aguilar was transferred to the METROPOLITAN DETENTION CENTER-FEDERAL BUREAU OF PRISONS ("MDC-FBP"), where he remained detained at for on our about five to six months. Nancy

Case 2:16-cv-01247-PA-AS Document 1 Filed 02/23/16 Page 6 of 11 Page ID #:6

Luna, mother of Plaintiffs, informed MDC-FBP personnel and took Aguilar's medication bag to inform them of the type of medication Aguilar was utilizing as part of his strict regiment to treat his diagnosis. MDC-FBP staff negated and turned down the medicine, which was the beginning of Aguilar's treacherous stay at MDC-FBP.

16. While in detention and under custody at the MDC-FBP, Aguilar began to suffer from the loss of control of his sugar levels, which up until his detention he had control over. Aguilar was given medication while under the custody of MDC-FBP, which eventually damaged his kidneys and at one point, alleged here, Mr. Aguilar also suffered serious eye and vision problems. There was a deliberate indifference to his medical needs, not adequately, and negligently being cared for while at the MDC-FBP from medical staff. Aguilar also repeatedly informed and requested from MDC-FBP officers and other staff that he needed to be diagnosed by a specialist and to be treated for this diabetes.

17. Alleged here, is that due to the treatment received, lack of treatment or negligence in treatment or access to treatment while at MDC-FBP, Aguilar was severely damaged both with his vision and kidneys, but also with other health complications that resulted from the deliberate indifference to his needs. There is a malicious intentional system for requesting medical attention that deliberately prolongs the response time between filing a request, receiving an appointment date, wherein many inmates, including Aguilar, never see a physician or medical doctor, and or even nurse, medical assistants or any personnel that can attend to both minor and major medical needs. If and when they do finally receive medical attention, it is very late, as was the case with Aguilar. Guards and other staff at MDC-FBP coordinate and intentionally and deliberately delay the process. Plaintiffs allege that due to this systemic failure of the communication, requests, and processing for medical needs resulted in the lack of care amounting to deliberate indifference, ultimately exacerbating and compounding the injuries and medical problems of Aguilar.

18. By reason of the afore-described acts, omissions, and conspiracy of defendants, and each of them, plaintiff suffered great physical and mental injury, trauma, pain, shock,
COMPLAINT FOR DAMAGES

anxiety, degradation, humiliation, fear and emotional distress, causing Aguilar to become blind and ultimately led to his wrongful death all to his damage in an amount not yet ascertained but to be proved in court.

19. By reason of the afore-described acts and omissions by Defendants, Aguilar, father of Plaintiffs, required medical care and treatment, and examination and by reason thereof, Aguilar incurred irrevocable damages ultimately setting the condition for his death. It is at MDC-FBP where his death is rooted, and where, as later described; damages were exacerbated when Aguilar is transferred to the GILES W. DALBY CORRECTIONAL FACILITY-MANAGEMENT AND TRAINING CORPORATION ("GWD-MTC"), these damages are in an amount not yet ascertained but to be proved in court.

20. The afore-described acts of Defendants were done knowingly, intentionally, and for the purpose of vexing, and injuring Plaintiffs and to maliciously deprive Plaintiffs of rights guaranteed by the United States and California Constitutions and in conscious disregard thereof; and by reason thereof, plaintiff claims exemplary and punitive damages from defendants in an amount to be proved.

21. Pursuant to the above Title 42 U.S.C. § 1983, Plaintiffs bring this action alleging Defendants wrongfully deprived decedent Aguilar of his life, resulting in damages to his minor children, K.A. and G.A. who were dependent upon AGUILAR for financial assistance as well as love and society, for which Defendants are liable.

22. Plaintiffs allege that from the time of his arrest and detention, particularly while at the MDC-FBP, Defendants did negligently, carelessly and without due care, and without cause or provocation, negate adequate medical care, resulting in the lack of care amounting to deliberate indifference, ultimately resulting in Aguilar's death.

23. Plaintiffs allege that from the time of his arrest and detention, particularly while also at the GILES W. DALBY CORRECTIONAL FACILITY-MANAGEMENT AND TRAINING CORPORATION – a facility contracted by Defendant the UNITED STATES OF AMERICA ("GWD-MTC"), DOJ AND THE FBP, Defendants did

1  negligently, carelessly and without due care, and without cause or provocation, negate
2  adequate medical care, resulting in the lack of care amounting to deliberate indifference,
3  ultimately exacerbating and compounding the injuries and medical problems caused upon
4  Aguilar at the MDC-FBP stated above, resulting in Aguilar's death on or about March 4,
5  2014.
6  24. As a proximate result of the above-described acts and omissions of defendant,
7  Plaintiffs were deprived of the life-long comfort, love, support, society, care and sustenance
8  of decedent, Roberto Aguilar Bautista, and will continue to be so deprived for the
9  remainder of their natural lives, all to their damage and which is hereby sought according to
10 proof.
11 25. By reason of the afore-described acts and omissions of Defendants, Plaintiffs
12 were required to retain an attorney to institute and prosecute the within action and to
13 render legal assistance to plaintiff that he might vindicate the loss and impairment of his
14 aforementioned rights; and by reason thereof plaintiff requests payment by defendants of a
15 reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION
*Bivens v. Six Unknown Narcotics Agents* 403 U.S. 388 (1971)
[AGAINST Defendants UNITED STATES OF AMERICA
and DOES 1-10, inclusive.]

26. Plaintiff hereby incorporates by reference each and every allegation of each and
every paragraph above as though fully set forth herein.

27. On or about February 6, 2013, and for some time prior thereto and since then
until the present, Defendants the UNITED STATES OF AMERICA, specifically through
the DEPARTMENT OF HOMELAND SECURITY ("DHS") which oversees and
administrates the IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"), and
DEPARTMENT OF JUSTICE ("DOJ") which oversees and administrates the
METROPOLITAN DETENTION CENTER-FEDERAL BUREAU OF PRISONS

("MDC-FBP"), and finally, GILES W. DALBY CORRECTIONAL FACILITY-MANAGEMENT AND TRAINING CORPORATION ("GWD-MTC") – a facility contracted by Defendant the UNITED STATES OF AMERICA, DOJ AND THE FBP and DOES 1-10 inclusive, maintained and enforced a policy, custom and practice of negligently employing, training, assigning, and supervising sworn and contracted agents, who were predisposed to dishonesty or negligence, and of permitting and ratifying violations, under the color of law, of the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

28. Also, on or about February 6, 2013, and for some time prior thereto and since then until the present, Defendants the UNITED STATES OF AMERICA, DHS, ICE, DOJ, MDC-FBP, and the GWD-MTC, inclusive, failed to properly train, assign, supervise, and guide their agents, in regards to dealing with incarcerated individuals, proper intake or response to claims or grievances of incarcerated individuals, responding to requests for providing adequate medical care, and for some time prior hereto and since, have condoned, tolerated and accepted, and continue to condone, tolerate and accept the writing of inadequate an or false reports, planting or withholding evidence, allow misconduct to escape detection, the deficient supervision of guards, agents or officers, and in particular, the failure to intercede in the misconduct or negligence by its officers.

29. Furthermore, on or about February 6, 2013, and for some time prior thereto and since then until the present, Defendants the UNITED STATES OF AMERICA, DHS, ICE, DOJ, MDC-FBP, and the GWD-MTC, inclusive, failed to fully and objectively investigate claims, reports or allegations of misconduct or negligence by the agents, guards or officers under their command. As a result of said acts, omissions, policies, customs and practices, officers who so engaged in a pattern of misconduct or negligence, violates the law, and wholesale violations of the civil rights were allowed and are allowed to continue in their malfeasance unabated by any efforts of their superiors.

30. Said acts and omissions, policies, customs and practices by Defendants the PRESIDENT, UNITED STATES OF AMERICA, DHS, ICE, DOJ, MDC-FBP, and the GWD-MTC and DOES 1-10, inclusive, were the moving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

31. As a result of the afore-described acts, Plaintiffs were caused injury, and deprived of the life-long comfort, love, support, society, care and sustenance of decedent, Roberto Aguilar Bautista, and will continue to be so deprived for the remainder of their natural lives, all to their damage and which is hereby sought according to proof.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the court award him the following relief:

1. General damages in an amount to be proved;
2. Medical, dental, doctor, chiropractic, psychiatric, pharmaceutical, and incidental expenses as proved;
3. Loss of earnings and income as proved;
4. Punitive and exemplary damages from Defendants, inclusive;
5. Costs of litigation;
6. Such equitable relief as adjudged necessary and appropriate by the Court to remedy the situation complained of;
7. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and
8. Such other and further relief as the court deems appropriate and just.

Dated: February 2, 2016

LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ

_____
James P. Segall-Gutierrez, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: February 2, 2016

LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ

_____
James P. Segall-Gutierrez, Esq.