Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendant
MANAGEMENT & TRAINING CORPORATION
(Also, erroneously sued herein as GILES W. DALBY CORRECTIONAL FACILITY)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A., a minor, G.A., a minor, by and through their guardian ad litem Nancy Luna,<br><br>Plaintiff,<br><br>v.<br><br>Barack Hussein Obama, II, as an individual and President of the United States of America; UNITED STATES OF AMERICA; DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION CUSTOMS AND ENFORCEMENT; DEPARTMENT OF JUSTICE; METROPOLITAN DETENTION CENTER- FEDERAL BUREAU OF PRISONS; GILES W. DALBY CORRECTIONAL FACILITY- MANAGEMENT AND TRAINING CORPORATION, and DOES 1-10, inclusive, each of whom is sued individually and in their official capacity as officers,<br><br>Defendants. | Case No. 2:16-cv-01247-PA-AS<br><br>**DEFENDANT'S SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(f)**<br><br>Scheduling Conference<br>Date: September 19, 2015<br>Time: 10:30 a.m.<br>Ctrm.: 15 – US Courthouse<br>       312 North Spring Street<br>       Los Angeles, CA 90012<br><br>Honorable Percy Anderson |

Defendant MANAGEMENT & TRAINING CORPORATION (Also, erroneously sued herein as Giles W. Dalby Correctional Facility), hereby submits its Scheduling Conference Report as required by Federal Rule of Civil Procedure

26(f), the Central District of California Local Rule 26-1, and the Court's Order Setting Scheduling Conference. Plaintiffs' counsel was not responsive regarding requests to meet and confer, and did not respond to requests for an initial draft of the Joint Scheduling Conference Report.[1] Accordingly, this report is submitted by Defendant MANAGEMENT & TRAINING CORPORATION.

## I. SUMMARY OF PROPOSED DATES

Defendant proposes the following deadlines/dates be set in this matter:

- Deadline to amend/add parties: October 31, 2017
- Initial expert disclosure deadline: May 12, 2017
- Rebuttal expert disclosure deadline: June 19, 2017
- Discovery cut-off: July 24, 2017
- Motion Filing cut-off: August 28, 2017
- Settlement Conference completion deadline: July 21, 2017
- Pretrial Conference: October 13, 2017
- Trial: October 31, 2017

## II. SYNOPSIS OF THE CASE [Local Rule 26-1(a)]

This is an action for alleged inadequate medical care under 42 U.S.C. §§ 1983 and 1988, <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971) and the Treaty of Guadalupe Hidalgo stemming from medical care provided to Plaintiffs' father while housed at the Federal Bureau of Prisons ("BOP") Metropolitan Detention Center in Los Angeles, California and at the Giles Dalby Correctional Institution in Post, Texas. Plaintiff seeks judgment in an amount of $10,000,000, plus costs and attorney's fees. The parties agree that the Manual for Complex Litigation does not apply to this action.

///

///

---

[1] The US Attorney's office, however, was cooperative in efforts to prepare a joint report. Defendants USA and Barack Obama are not included herein because they were recently dismissed from this litigation. (Doc. #36.)

## III. ADDITIONAL PARTIES AND CLAIMS FOR RELIEF [L-R 26-1(e)]

Defendant does not anticipate that additional parties will appear in this case nor that the pleadings will be amended. Defendant proposes a deadline of October 31, 2017, to amend the pleadings and/or to add parties.

## IV. DISCOVERY PLAN [Fed. R. Civ. P. 26(f)]

### A. Initial Disclosures [Fed. R. Civ. P. 26(f)(3)(A)]

Defendant does not propose that any changes be made in the timing, form, or requirement for initial disclosures under Rule 26(a)(1). Defendants propose that the parties make the initial disclosures required by Rule 26(a)(1) on or before May 21, 2017 and any rebuttal expert disclosures on or before June 19, 2017.

### B. Subjects on Which Discovery May be Needed [F.R.C.P. 26(f)(3)(B)]

The central issues in the case will be whether Plaintiffs' death was legally attributable to any breach of the standard of care by prison medical personnel and the extent of damages suffered by Plaintiffs and their father. Defendant anticipates that discovery will be needed on those subjects. Defendant anticipates propounding record subpoenas, interrogatories, requests for production, and requests for admission, if necessary. In addition to written discovery, Defendant anticipates deposing the treating medical staff and expert witnesses as well as the Plaintiffs and other damages witnesses. Defendant proposes that all discovery be completed by July 24, 2017.

### C. Issues Related to Disclosure of Electronically Stored Information [Fed. R. Civ. P. 26(f)(3)(C)]

Defendant proposes that the production of discoverable electronically stored information, if any, will be in an organized hard copy format, except for hard copy productions that are voluminous in nature, in which case the parties may agree upon a different format of production if necessary.

### D. Issues Related to Claims of Privilege or Protection of Trial Preparation Material [Fed. R. Civ. P. 26(f)(3)(D)]

Defendant, at this time, does not propose any special procedure regarding privilege or protection of trial preparation material.

### E. Additional Orders [Fed. R. Civ. P. 26(f)(3)(F)].

At this time, Defendant does not request any other orders be issued under Rule 26(c) or under Rules 16(b) and (c).

### F. Expert Witnesses [Local Rule 26-1(f)]

As set forth above, Defendant proposes the following schedule for disclosure of expert testimony pursuant to Fed. R. Civ. Proc. 26(a)(2)(C):

- Initial expert disclosure deadline: May 21, 2017
- Rebuttal expert disclosure deadline: June 19, 2017

### G. MOTION SCHEDULE [Local Rule 26-1(b)]

Defendant proposes a dispositive motion filing cut-off date of August 28, 2017.

### H. ALTERNATIVE DISPUTE RESOLUTION [Local Rule 26-1(c)]

The parties have not yet discussed the possibility of settlement because the Federal Defendants' Motion to Dismiss was only recently granted and Plaintiffs' counsel are not responsive. Defendant remains open to the possibility of settlement. In the event formal settlement procedures become necessary, they shall be conducted pursuant to Settlement Procedure No. 2 of Local Rule 16-15.4 (appearance before a neutral selected from the Court's Mediation Panel for mediation).

### I. TRIAL ESTIMATE [Local Rule 26-1(d)]

Plaintiff has demanded a jury trial. Defendant estimates that the trial of this matter will take no more than 4 days.

### J. PROPOSALS REGARDING SEVERANCE, BIFURCATION OR OTHER ORDERING OF PROOF

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4820-9052-4472 v1

- 4 -

2:16-CV-01247-PA-AS
RULE 26(F) SCHED. REPORT

1  Defendant does not contemplate any severance, bifurcation, or unusual
2 ordering of proof at this time; however, it reserves the right to request bifurcation of
3 punitive damages.

**K.  STATEMENT AS TO ISSUES WHICH MAY BE DETERMINED BY MOTION**

Defendant MTC anticipates filing a motion for summary judgment.

Dated: September 12, 2016         BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ Susan E. Coleman
    Susan E. Coleman

Attorneys for Defendant
MANAGEMENT & TRAINING CORPORATION